MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
YOSINA M. LISSEBECK [SBN 201654]
ylissebeck@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Debtor-In-Possession, Transdel Pharmaceuticals, Inc.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TRANSDEL PHARMACEUTICALS, INC.,<br><br>Debtor. | CASE NO. 11-10497-B11<br><br>Chapter 11<br><br>***EMERGENCY* FIRST DAY MOTION FOR ORDER SHORTENING TIME AND SPECIALLY SETTING A HEARING PRIOR TO JULY 20, 2011 ON DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS CLAIMS AND INTERESTS AND ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS WITHOUT OVERBID**<br><br>Date:  to be determined<br>Time:  to be determined<br>Dept:  Four (4)<br><br>Honorable Peter W. Bowie |

Transdel Pharmaceuticals, Inc. ("Transdel" or "Debtor"), debtor and debtor in possession in the above-captioned case, hereby moves (the "Motion") this Court for entry of an Order setting on shortened time, but on or before July 20, 2011, a hearing on the Debtor's Motion to sell substantially all its assets in a private sale without overbid to Cardium Healthcare Inc. (the "Purchaser" or the "Buyer") free and clear of all liens claims and interests pursuant to Bankruptcy code Sections 363(b) and (f), and to assume and assign

P:00638075.4:60470.001

certain executory contracts pursuant to Section 365, with notice of the hearing to be provided by mail to all creditors and shareholders on or before June 29, 2011. The Motion is based upon this Motion and the declarations of John Lomoro and Michael D. Breslauer, Esq., filed concurrently herewith.

Transdel is a company which owns certain pharmaceutical patents and related property rights. Its most significant prospect is a patented transdermal delivery product which the FDA has required undergo at least one more round of Phase 3 testing before being considered for approval. The Debtor has no funds with which to carry out the testing and has a lease for its base of operations terminating on June 30, 2011. Transdel has extensively searched for investors, lenders and/or buyers and, but for the current and proposed buyer, has found none. Transdel it is now out of cash and seeks to consummate a private sale, without overbid, with the only suitor it has uncovered during its pre-bankruptcy search. See Lomoro Declaration, ¶¶13 -17

The Debtor has priority and general unsecured debt of approximately $1.52 Million and of this, about 72% is owed to a single creditor who supports the sale. The Debtor has no secured debt. There are approximately 50 creditors and 500 shareholders. Lomoro Declaration, ¶14.

Payment for the Debtor's asserts will be made in publically traded stock of the Buyer's parent, Cardium Therapeutics, Inc. ("Cardium"). Given its current trading price ($0.29 – 6/27/11), and assuming the price is stable or increases during the time required to sell the shares (the stock is restricted under SEC Rule 144 requiring a 180 day wait before sales can occur; no more than 25,000 of the 6,000,000 shares initially received may be sold each trading day), the consideration will be sufficient to retire 100% of the Debtor's unsecured claims with interest and provide a dividend to shareholders. Lomoro Declaration, ¶20.

///

///

John Lomoro, the Debtor's CFO/CEO has set forth in detail in his accompanying declaration[1] both the Debtor's background and its efforts over the past year to try and find a solution to its lack of funding to carry forward the phase 3 clinical trials for its products. Mr. Lomoro also describes the events leading up to and through the negotiations and creation of an Asset Purchase Agreement ("APA") negotiated with the Buyer.  In a nutshell, the Debtor has attempted to market and sell its assets and, but for the Buyer, has had no takers, and seeks to sell to the Buyer substantially all its assets in a private sale not subject to overbid.

**The Purchaser has demanded, as a condition to its obligation to proceed with and close the transaction, that the Court's order approving the sale be entered on or before July 20, 2011. Because of this requirement, the Debtor seeks an order shortening time and setting a hearing prior to that date to consider and approve the sale.**

### APPLICABLE AUTHORITY

A.   *Shortened, but adequate, notice is appropriate here.*

Bankruptcy Rules 2002(a) and (d) require that notice of a proposed sale of substantially all the debtor's assets be provided to all creditors and equity security holders. Depending on the date available on the Court's calendar, and assuming service on or before Friday June 29, 2011 and a July 20 hearing date, creditors and interest holders will receive 21 days notice of the sale.  Bankruptcy Rules 2002(a)(2) and 9006(c) expressly authorize a shorting of the notice otherwise given for good cause shown. In determining whether to authorize shortening time on a sale motion of this type, the court should consider the totality of circumstances, whether prejudice will result and whether creditors have the opportunity to take 'meaningful action' before the hearing. *In re Dartmoor Homes, Inc.* 175 Bankr. 659, 670 (Bankr. N.D. Ill. 1994).

Here, creditors will have sufficient time to weigh in on the proposed transaction and file opposition, if they choose.  Substantial evidence exists that the proposed buyer is the

---

[1] The Lomoro Decl. addresses the requirements of Section 2 of the Court's "Guidelines for the Sale of Substantially All Assets Under §363 Within 60 Days of Filing the Petition". The Debtor will, together with its sale Motion, submit counsel's declaration addressing the requirements of Section 1 of the Guidelines.

only third party interested in making an acquisition. After a pre-bankruptcy scouring by two investment banking firms and the Debtor itself, the Purchaser has been uncovered as the sole potential buyer. The Buyer's condition of sale is that the hearing and closing occur by July 20, 2011. If the hearing cannot be held before that date the proposed sale might be lost. Without this sale, creditors' claim will be at risk of non-payment. Under the proposed sale, and assuming the Cardium stock price remains stable, proceeds of sale will enable the Debtor to pay their claims 100%.

The Debtor believes it will satisfy the requirement that it received a fair and reasonable price for the assets such that no overbidding is appropriate under the facts and circumstances of this case, and recognizes that unless the Purchaser consents to an extension, the court's finding that overbidding is required or appropriate may quash the deal.

The Debtor seriously explored all other alternatives and expended significant time, effort, and resources in trying to find the highest or best resolution to the problems and lack of financing it faced. Only then did the Debtor negotiate the APA with the Buyer and at a price which will likely be sufficient to retire all creditors' claims in full. Further, the APA is a product of extensive arm's-length negotiations between the Purchaser and the Debtor, with each side represented by counsel. Lomoro Declaration, ¶19. These negotiations have involved substantial time and energy by the parties and their professionals, and the APA reflects give-and-take and compromises by both sides. Under the circumstances, the Debtor submit that APA and the sale will be the result of good-faith, arm's-length negotiations.

The Debtor will, together with the filing and service of its sale motion, submit additional authority for the sale of its assets free and clear of liens claims and interests pursuant to §363(f), to the Purchaser as a good faith purchaser pursuant to §363(m) and that any of the Debtor's executory contracts, if any, acquired by the Purchaser, be assumed and assigned pursuant to §365. The Debtor's sale will therefore satisfy all of the requisite conditions for authorization under Bankruptcy Code § 363(b) and applicable Bankruptcy Rules of Procedure.

1 | WHEREFORE, the Debtor respectfully requests that the Court set its Motion for approval of a sale of substantially all its assets for a hearing on or before July 20, 2011 pursuant to the proposed Order submitted herewith, and grant such other and further relief as is just and proper.

DATED: June 27, 2011              Respectfully submitted,

SOLOMON WARD SEIDENWURM & SMITH, LLP


By:  /s/ Michael D. Breslauer
     MICHAEL D. BRESLAUER
     Attorneys for Debtor-In-Possession, Transdel
     Pharmaceuticals, Inc.

# PROOF OF SERVICE

I, Wendy A. Yones, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On **June 27, 2011**, I served the following document(s):

***EMERGENCY*** **FIRST DAY MOTION FOR ORDER SHORTENING TIME AND SPECIALLY SETTING A HEARING PRIOR TO JULY 20, 2011 ON DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS CLAIMS AND INTERESTS AND ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS WITHOUT OVERBID**

on each of the interested parties stated on the attached service list.

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 27, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated below:

☐    Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On **June 27, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.

☒    Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR E-MAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 27, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or e-mail as follows.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   June 27, 2011                              By: /s/ Wendy A. Yones
                                                                     WENDY A. YONES

## SERVICE LIST

**VIA EMAIL**
David A. Ortiz
Office of the United States Trustee
Southern District of California
402 West Broadway, Suite 600
San Diego, CA 92101-8511
david.a.ortiz@usdoj.gov

**VIA FACSIMILE**
DLA Piper LLP
P.O. Box 64029
Baltimore, MP 21264-4029
Facsimile (858) 638-5128

**VIA FACSIMILE**
DPT Laboratories, Ltd.
12637 Collections Center Drive
Chicago, IL 60693
Facsimile (210) 223-2272

**VIA FACSIMILE**
Orange County Clinical Trials
1801 West Romneya Dr. Ste 208
Anaheim, CA 92801
Facsimile (714) 808-0810

**VIA EMAIL**
Joachim Schupp
5804 Blazing Star Lane
San Diego, CA 92130
drjschupp@gmail.com

**VIA FACSIMILE**
PPD Development LP
12937 Collections Center Drive
Chicago, IL 60693
Facsimile (919) 654-8581

**VIA FACSIMILE**
Covance Central Lab Services
8211 SciCor Drive
Indianapolis, IN 46214-2985
Facsimile (317) 273-4780

**VIA FACSIMILE**
Alexej Ladonnikov
13388 Surrey Lane
Saratoga, CA 95070
Facsimile (408) 549-9858

**VIA OVERNIGHT MAIL**
Owens Pharma Research Center
720 Alamitos Avenue, Suite A
Long Beach, CA 90813

**VIA FACSIMILE**
Clinical Trials Management
3901 Houma Blvd Medical Plaza II, Ste 405
Metairie, LA 70006
Facsimile (504) 455-1312

**VIA FACSIMILE**
Regents Square La Jolla, LLC
Dept. 6970
Los Angeles, CA 90084-6970
Facsimile (858) 450-2890

**VIA EMAIL**
Ysabella Fernando
9352 Twin Trails Drive #201
San Diego, CA 92129
ysabellaf@hotmail.com

**VIA FACSIMILE**
Beckloff Associates
3203 Solutions Center
Chicago, IL 60677-3002
Facsimile (913) 451-3846

**VIA FACSIMILE**
SD Sports Med & Family Health
6999 Alvarado Road Ste 2100
San Diego, CA 92120
Facsimile (619) 582-1497

| | | |
|---|---|---|
| 1 | **VIA FACSIMILE**<br>KMJ Corbin & Co LLP<br>555 Anton Blvd. Suite 1000<br>Costa Mesa, CA 92626<br>Facsimile (714) 380-6566 | **VIA FACSIMILE**<br>Chubb Group Insurance<br>15 Mountain View Road<br>Warren, NJ 07059<br>Facsimile (908) 903-3128 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | **VIA FACSIMILE**<br>Clinical Pharmacology Study<br>26 Queen Street<br>Worcester, MA 01610<br>Facsimile (508) 755-8909 | **VIA FACSIMILE**<br>Sanofi-Aventis LLC<br>P.O. Box 848203<br>Dallas, TX 75284-8203<br>Facsimile (908) 203-7727 |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | **VIA FACSIMILE**<br>Sundance Clinical Research LLC<br>711 Old Ballas Road, Suite 105<br>Saint Louis, MO 63141<br>Facsimile (314) 567-3390 | **VIA FACSIMILE**<br>Continental Stock Transfer<br>17 Battery Place<br>New York, NY 10004<br>Facsimile (212) 509-5150 |
| 10 | | |
| 11 | | |
| 12 | **VIA EMAIL**<br>Bruce D. Whitley<br>Silicon Edge Law Group LLP<br>6601 Koll Center Pkwy, Suite 245<br>Pleasanton, CA 94566<br>bwhitley@siliconedgelaw.com | **VIA EMAIL**<br>Kathryn M.S. Catherwood, Esq.<br>Duane Morris LLP<br>101 West Broadway, Suite 900<br>San Diego, CA 92101-8285<br>KMCatherwood@duanemorris.com |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |